UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HERNANDEZ et al., <br><br> Plaintiffs, <br><br> v. <br><br> KUNKLE et al., <br><br> Defendants. | CASE NO. C12-178 RSM <br><br> ORDER GRANTING PLAINTIFFS' MOTION FOR REPRESENTATION BY NON-BAR PARTICIPANT |

## I. INTRODUCTION

This matter comes before the Court on *pro se* Plaintiffs' "Motion for representation by non-bar participant." Dkt. # 35. For the reasons that follow, Plaintiffs' request for Court-appointed counsel or non-bar representation is granted to the extent that Plaintiffs' former attorney promptly appears in this action on Plaintiffs' behalf.

## II. DISCUSSION

This case arises from a series of events that lead up to Mrs. Hernandez's arrest by the Bothell Police. Plaintiffs assert claims against four individually-named police officers for excessive force, invasion of privacy, and failure to intervene in violation of their civil rights

under 42 U.S.C. § 1983. Plaintiffs filed suit in Snohomish County Superior Court in January 2012. Plaintiffs were represented in the state-court action by an attorney that signed her name on the amended complaint. *See* Dkt. # 5, p. 11. Defendants removed to this Court on the basis of federal question jurisdiction. Plaintiffs' attorney then apparently ceased representation. Plaintiffs have been unable to secure counsel after removal of the action to federal court and have been proceeding *pro se* since February 2012. Defendants filed a motion for summary judgment to dismiss the suit in its entirety on August 9, 2012. Dkt. # 12. Plaintiffs later moved to continue the trial date and time to respond to Defendants' motion. Dkt. # 20. Finding good cause, the Court permitted Plaintiffs additional time to respond to the motion and set trial for May 20, 2013.

After summary judgment briefing was complete, the Court granted the motion in part and denied it in part, and set a revised scheduling order. Dkt. ## 29, 30. Roughly three months later, Plaintiffs requested an additional thirty days to complete Rule 39.1 mediation. Defendants did not oppose the thirty day continuance. Dkt. # 33. Defendants timely filed motions in limine as required by the revised scheduling order. Dkt. # 32. Plaintiffs did not file motions in limine, but filed the pending motion for representation. Dkt. # 35.

After review of Plaintiffs' pending motion, attached declaration, prior motions for continuances, and statements from the Joint Status Report, it became apparent to the Court that Plaintiffs would not prosecute this case absent some form of legal counsel. Because the Court has the obligation and authority to manage its own docket it exercised that authority and issued an Order striking the May 20, 2013 trial date. Dkt. # 40. The Court, however, did not strike the deadline for 39.1 mediation. The pending motion for representation was re-noted in accordance with the Local Civil Rules, which set the proper noting date after the mediation deadline. The parties engaged in mediation on May 13, 2013. The Mediator notified the Court on that date that

mediation was not successful. Dkt. # 45. Plaintiffs' motion for representation is now ripe for the Court's review.

Defendants oppose Plaintiffs' motion on a number of grounds. They contend that (1) the motion is untimely, (2) Plaintiffs have made no effort to comply with the procedures set forth on the Court's website for court appointed counsel, (3) Plaintiffs' have not demonstrated that they are entitled to the requested relief, (4) Plaintiffs' previously sought and obtained a continuance, and (5) Plaintiffs have failed to follow the case schedule. Dkt. # 37, p. 2. Defendants filed exhibits containing numerous communications sent by Defendants' counsel to Plaintiffs, demonstrating Defendants' good faith attempts to comply with the Court's scheduling order. *See* Dkt. # 38. Moreover, at least one communication to Plaintiffs attempted to explain the location and substantive content of the Local Civil Rules. Dkt. # 38, p. 24.

Defendants' arguments have merit. However, the blame and concomitant waste of time and resources expended in this case is not to be laid solely at Plaintiffs' feet. Plaintiffs did not choose to bring this case on a *pro se* basis. An attorney licensed in Washington State, Ms. Cynthia Hodges, took their case and filed a complaint on their behalf in superior court. After further review of the record, it appears that after the case was removed to federal court, Ms. Hodges communicated to Mrs. Hernandez that she was not licensed to practice in the Western District of Washington and apparently ended her representation. *See* CLERK'S NOTE, Feb. 10, 2012. Ms. Hodges, however, neither requested nor obtained leave of the Court to withdraw from representation. The only allusion to withdrawal is contained within the notation on the docket, which states "Clerk received call from Linda Hernandez advising court that her attorney is not permitted to practice in federal court." *Id.*

1    Admission to this District requires that (1) the applicant be a member in good standing of

2 the Washington State Bar, and (2) the applicant file a Petition for Admission to Practice

3 ("Petition") with the clerk. The Petition is not onerous. It requires only two certificates from

4 other members in good standing with the bar to attest to the petitioner's good moral character.

5 *See* LCR 83.1(b) and (c). Also, the filing fee for admission costs $226.00. While no rule

6 definitively states that an attorney in a state court action must submit a petition for admission in

7 this District upon removal, the Local Civil Rules clearly outline the procedure by which an

8 attorney may cease representing her clients. Moreover, Rule 1.16(b) of the Washington Rules of

9 Professional Conduct provide as follows:

10    Except as stated in paragraph (c), a lawyer may withdraw from
  representing a client if:
11
       (1) withdrawal can be accomplished without material adverse effect on
12    the interests of the client;

13       (2) the client persists in a course of action involving the lawyer's
    services that the lawyer reasonably believes is criminal or fraudulent;
14
       (3) the client has used the lawyer's services to perpetrate a crime or
15    fraud;

16       (4) the client insists upon taking action that the lawyer considers
    repugnant or with which the lawyer has a fundamental disagreement;
17
       (5) the client fails substantially to fulfill an obligation to the
18    lawyer regarding the lawyer's services and has been given reasonable
    warning that the lawyer will withdraw unless the obligation is fulfilled;
19
       (6) the representation will result in an unreasonable financial
20    burden on the lawyer or has been rendered unreasonably difficult by the
    client; or
21
       (7) other good cause for withdrawal exists.
22
     (c) A lawyer must comply with applicable law requiring notice to or
23    permission of a tribunal when terminating a representation. When ordered
    to do so by a tribunal, a lawyer shall continue representation
24

1       notwithstanding good cause for terminating the representation.

2      (d) Upon termination of representation, a lawyer shall take steps to
      the extent reasonably practicable to protect a client's interests, such
3       as giving reasonable notice to the client, allowing time for employment
      of other counsel, surrendering papers and property to which the client is
4       entitled and refunding any advance payment of fee or expense that has not
      been earned or incurred. The lawyer may retain papers relating to the
5       client to the extent permitted by other law.

RPC 1.16(b).

Ms. Hodges appeared in the state court action on behalf of her clients. Upon removal, Ms. Hodges was the attorney of record in this Court. The Clerk sent Ms. Hodges a letter explaining the procedure for obtaining admission to the Western District. Dkt. # 4. Plaintiffs have sought and continue to seek representation in this case, despite contacting at least twelve additional attorneys over the last fifteen months. *See* Dkt. # 36, pp. 2-3. Plaintiffs contend that one of the asserted reasons for declined representation is that "[Ms. Hodges] made many mistakes and no one wanted to 'walk into a burning building' and take a case that had these mistakes." Dkt. # 36, p. 3. Whatever the merits of that assessment, the burden placed on both Defendants and the Court in this matter accrued the moment Plaintiffs were abandoned by the attorney that brought this case in the first place.

Although Plaintiffs have neither substantively nor procedurally complied with the Local Civil Rules of the Western District of Washington or the Court's Scheduling Order, the Court declines to dismiss the case for want of prosecution. Instead, the Court expects Ms. Hodges to submit a Petition for Admission, pay the filing fee, and enter an appearance as soon as practicable. To the extent this Order satisfies Plaintiffs' request for representation, Plaintiffs' motion is GRANTED.

## III. CONCLUSION

Having reviewed the motion, the response thereto, the declarations and attached exhibits, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiffs' Motion for Representation (Dkt. # 35) is GRANTED;

(2) The Clerk is directed to send a copy of this Order to Plaintiffs, Defendants' counsel of record, and Ms. Cynthia Hodges located at the Law Office of Cynthia Hodges, PO Box 444, Edmonds, WA 98020-0444.

Dated this 13th day of June 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE